DA 13-0266

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 30N

DAVE MANIX,

      Plaintiff and Appellant,

   v.

SAM HARRIS, Attorney at Law,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
                  In and For the County of Cascade, Cause No. CDV-12-0633(b)
                  Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Patrick F. Flaherty, Attorney at Law; Great Falls, Montana

      For Appellee:

          Michael F. McMahon, Bernard F. Hubley, McMahon, Wall & Hubley,
          PLLC; Helena, Montana

                        Submitted on Briefs:  January 2, 2014
                               Decided:  February 4, 2014

Filed:

                                            _____
                                              Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The State charged Dave Manix with felony elder abuse after an investigation by Adult Protective Services of the Montana Department of Health and Human Services showed that an elderly neighbor had given him over $160,000 in 2008 and 2009. The State sought and obtained an order of protection that limited Manix's contact with the neighbor. Manix hired attorney Sam Harris to represent him and paid a retainer. Harris represented Manix for over a year, and negotiated a plea agreement with the State under which Manix would plead guilty to the charge and make restitution of $60,000. The State agreed to a ten-year deferred imposition of sentence. Manix signed the plea agreement but subsequently changed his mind.

¶3 Harris withdrew as Manix's attorney with Manix's consent. Manix obtained a new attorney who negotiated a deferred prosecution agreement with the State. The agreement provided for restitution of about $2700 and the State subsequently dismissed the charge, without prejudice.

¶4 Manix, through his new attorney, filed this action against his former attorney Harris, asserting claims for negligence/malpractice; breach of fiduciary duty; breach of

2

the covenant of good faith; and negligent misrepresentation. Harris filed motions for summary judgment, and Manix responded, seeking leave to file an amended complaint to plead an additional claim for deceit. The District Court held a hearing and granted summary judgment to Harris. Manix appeals and we affirm.

¶5 The District Court heard argument on each of Harris's grounds for summary judgment and then announced its decision from the bench. The District Court concluded that Manix failed to properly plead a claim for deceit and that the statute he relied upon, § 37-61-406, MCA, does not apply to claims of deceit as between an attorney and client. The District Court concluded that Manix's claim for breach of fiduciary duty failed because he did not plead sufficient facts to support the claim. The District Court concluded that Manix could not maintain a claim for negligent misrepresentation because Harris had provided only a legal opinion that Manix would likely be convicted if the case went to trial and that he should accept the plea agreement. This legal opinion was not a representation of fact and Manix ultimately chose not to follow Harris's legal advice.

¶6 The District Court granted summary judgment on the claim of legal negligence or malpractice because it was based upon the contention that Harris was negligent for advising Manix that he would likely be convicted if tried and should therefore plead guilty. Because Manix ultimately declined to follow that advice, Manix had no basis to claim that Harris's advice caused him injury as required to support a claim of damages for negligence. Further, Manix's claimed damages arising from the deterioration of his relationship with his elderly neighbor, who he refers to as his mother, were caused by the felony charge and the order of protection, and not by Harris's advice. The District Court

3

also concluded that Manix's proposal to salvage his claims by filing an amended complaint were not effective because the proposed amendments would be futile as a matter of fact or law.

¶7 The District Court properly considered and disposed of Manix's claims and properly granted summary judgment to Harris. The fact that Manix is dissatisfied with Harris's representation does not, without more, support a cause of action for damages. Harris was not required to produce a particular result for Manix, did not engage in any demonstrated misrepresentation of fact, and is not liable because Manix obtained a different result with a different lawyer. Manix did not take Harris's advice, did not enter a guilty plea and was not held liable under the plea agreement that Harris obtained. The District Court did not abuse its discretion in denying Manix leave to file an amended complaint.

¶8 Manix did not appeal the District Court's award of costs to Harris and we therefore do not consider that award in this proceeding. We decline Harris's request that he be awarded costs and attorney fees on appeal.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court properly applied the facts to the law in resolving this case and did not err in granting summary judgment.

¶10 Affirmed.

/S/ MIKE McGRATH

4

We Concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JIM RICE